IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEVEN JOHN BUSTI, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:11-cv-01029 |
| PLATINUM STUDIOS, INC., SCOTT MITCHELL ROSENBERG, UNIVERSAL PICTURES, INC. D/B/A UNIVERSAL STUDIOS, and DREAMWORKS II DISTRIBUTION CO., LLC | § § § § § § § § | JURY DEMANDED |
| Defendants. | § | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Steven John Busti, appearing through his undersigned counsel, alleges as follows:

### NATURE OF ACTION AND JURISDICTION

1.    This is an action for copyright infringement under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* ("Copyright Act").

2.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. The Court has personal jurisdiction over Defendants as they purposefully availed themselves of the forum state by selling infringing products in the state. Venue in this Judicial district is proper under 28 U.S.C. § 1391.

### PARTIES

3.    Plaintiff Steven John Busti is an individual residing in Austin, Texas.

1

4. Defendant Platinum Studios, Inc. is a California corporation with a principal place of business at 2029 S. Westgate Avenue, Los Angeles,California 90025.

5. Defendant Scott Mitchell Rosenberg is an individual residing in Los Los Angeles, California.  He is the Chairman & CEO of Defendant Platinum Studios, Inc.

6. Defendant Universal Pictures, Inc. d/b/a Universal Studios is a Delaware Corporation with a principal place of business at 100 Universal City Plaza, Universal City, CA 91608

7. Defendant Dreamworks II Distribution Co., LLC. is a Delaware Limited Liability Company with a principal place of business at 100 Universal City Plaza Building 5121 Universal City, CA 91608.

## FACTS

### A.  PLAINTIFF AND HIS COPYRIGHT

8. Plaintiff is a writer/artist with many published and internationally distributed comic books to his credit.

9. Some time in early 1994, Plaintiff came up with the concept for a new comic centered around the idea of alien invaders set during the old west.

10. By late 1994, Plaintiff had finished his creation which was to appear in his comic book series "Bizarre Fantasy" and would be titled "Cowboys and Aliens."

11. In November of 1994, a preview of the "Cowboys and Aliens" story

appeared on the back cover of "Bizarre Fantasy #0."  Also, in this month, Comic Shop News, a comic book oriented publication distributed to comic book stores nationwide, published issue #388 which ran a feature on Plaintiff's "Cowboys and Aliens."  In that same issue, on the same page that Plaintiff's feature appeared, a story appeared concerning Malibu Studios and defendant Scott Mitchell Rosenberg.

12.     In January of 1995, "Cowboys and Aliens" was published in the issue "Bizarre Fantasy #1" and was internationally distributed on March 1, 1995.



13.     Plaintiff, by virtue of the creation of his original, creative work fixed in a tangible medium of expression, has valid copyrights in the artwork and text of "Bizarre Fantasy #1" and the "Cowboys and Aliens" story ("the works") contained therein.

14.     On September 29, 2011, in accordance with the provisions of federal

law, Plaintiff registered his copyrights in the works.  *See* VA 1-790-496.  This registration is valid and subsisting.  A true and correct copy of this registration is attached as Exhibit A.

B.  DEFENDANTS' INFRINGEMENT

15. In May of 1997, two years after the publication of Plaintiff's "Cowboys and Aliens," Defendants Scott Mitchell Rosenberg and Platinum Studios, Inc., produced a one-sheet featuring a cowboy chased by an alien spaceship titled "Cowboys & Aliens."

16. On the basis of this one-sheet, Defendants Universal Studios and Dreamworks II Distribution, Co., LLC bought the film rights to Mr. Rosenberg's "Cowboys & Aliens" from Platinum Studios.

17. In October of 2006, Defendant Platinum Studios, Inc., with the personal direction of Defendant Scott Mitchell Rosenberg, launched the graphic novel series "Cowboys & Aliens."



4

18.     Defendants' "Cowboys & Aliens" graphic novel contains striking similarities to Plaintiff's copyrighted "Cowboys and Aliens" work including an alien spaceship zooming overhead the main cowboy character, the spacecraft being discovered by Native American warriors (specifically Apache) who are then attacked. In addition, the alien commander in Defendants' work is incredibly similar to the alien conqueror "Morguu" in Plaintiff's work.

 

19.     In June of 2010, filming of the movie adaptation of Defendants' "Cowboys & Aliens" began.  The film was released by Defendants Universal Studios and Dreamworks II Distribution Co., LLC, premiered on July 23, 2011 in San Diego, and July 29th, 2011 nationwide and in Canada.  The film has grossed over 100 million dollars domestically.

20.     The "Cowboys & Aliens" film is scheduled to be released on DVD and Blu-Ray video format on December 6, 2011.  Defendants have also entered into numerous merchandising agreements for the making of toys, posters, clothing etc.

21.     On August 3, 2011, Plaintiff, through his counsel, sent a certified letter return receipt requested to Defendants Platinum Studios & Universal Studios informing them of their infringing activity.  Defendants never replied to Plaintiff's letter.

22.     Defendants had access to Plaintiff's copyrighted work because the work was published internationally and widely available.  In addition, as stated above, Defendant, Mr. Rosenberg and his Malibu Studio, were featured in Comic Shop News #388 on the same page as the preview for Plaintiff's work.  Defendants' graphic novel "Cowboys & Aliens," and its accompanying feature film, are so substantially similar to Plaintiff's work as to show copying.

## C.  EFFECT OF DEFENDANTS' INFRINGEMENT

23.     Defendants' unauthorized copying of Plaintiff's original work has interfered with his exclusive rights to reproduce his copyrighted work, prepare derivative works based on his work, to distribute his work, and to publicly perform and display his work.

24.     Defendants' infringing activity has caused Plaintiff substantial damage as Defendants have made, and continue to make, millions of dollars through the exploitation of their infringing works.

25.     Defendants' continuing infringement of Plaintiff's work is causing irreparable harm to Plaintiff.

## COUNT 1:  COPYRIGHT INFRINGEMENT

25.     Plaintiff repeats the allegations above as if fully set forth herein.

26.     The acts of Defendants complained herein constitute infringement of Plaintiff's registered copyright in violation of 17 U.S.C. § 501 (a).

27.     Defendants' infringement of Plaintiff's work was willful and with knowledge that their conduct constituted copyright infringement.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that:

(a) Plaintiff recover all damages it has sustained as a result of Defendants' activities.

(b) Plaintiff recover any additional profits of the Defendants resulting from their infringement.

(c) Plaintiff recover such other and further relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

                              Respectfully Submitted,

Dated: December 1, 2011        /s/ - Joshua G. Jones

                              Joshua G. Jones
                              State Bar No:  24065517
                              The Law Office of Joshua G. Jones
                              401 Congress Ave Suite 1540
                              Austin, TX 78701
                              (512) 687-6221
                              (512) 687-6245 (Fax)

                              ATTORNEY FOR PLAINTIFF