IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEVEN JOHN BUSTI, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO.  1:11-cv-01029-ss |
| PLATINUM STUDIOS, INC., SCOTT MITCHELL ROSENBERG, UNIVERSAL PICTURES, a Division of UNIVERSAL CITY STUDIOS LLC and DREAMWORKS II DISTRIBUTION CO., LLC | § § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR FEES**

Plaintiff files the following Response urging the Court to deny Defendants' attempt to shift fees in this case.  This action was not frivolous or objectively unreasonable as evidenced by the Court's findings of a number of similar elements shared by both works.  Plaintiff had a reasonable expectation of being able to show access to his work, and it was reasonable for Plaintiff to argue, even though the Court ultimately disagreed, that the shared similarities between the works were not only for non protectable elements.  In addition, Defendants' fee figure is completely unreasonable given that there was very limited motion practice in this case, Plaintiff engaged in limited and targeted discovery, and Defendants engaged in no discovery at all.

1

A. Plaintiff's Case Was Not Objectively Unreasonble

Defendants impermissibly attempt to characterize the Copyright Act of employing the British Rule of fee shifting. The *Virgin Records* case that Defendants cite for the proposition of routine fee shifting in fact upheld a district court's *denial* of attorney's fees. *Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008). The Supreme Court has explicitly "repudiated the 'British Rule' for automatic recovery of attorney's fees by the prevailing party." *Creations Unlimited, Inc. v. McCain*, 112 F. 3d 814, 817 (5th Cir. 1997). Instead the Court is to consider a nonexclusive list of factors which include "frivolousness, motivation, objective unreasonableness (both in factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.*

Defendants have not provided any argument regarding motivation and so their argument rests entirely on their allegation of the unreasonableness of Plaintiff's claim. This action could not have been objectively unreasonable because, though Defendants motion for summary judgment was ultimately granted, the Court did find six separate elements showing probative similarity between the works. Probative similarities "in the normal course of events, would not be expected to arise independently in the two works." *Positive Black Talk, Inc., v. Cash Money Records*, 394 F. 3d 357, 370 (5th Cir. 2004).[1] Therefore, Plaintiff's action was reasonable because Plaintiff should not have expected the probative similarities between the works to arise independently. Defendants' have failed to show any

---

[1] The Fifth Circuit in *Positive Black* also denied a motion by defendants for attorney's fees.

analogous cases that were found to be objectively unreasonable despite a strong showing of probative similarity.  In fact, illustrating the proper hesitance of courts to shift fees in copyright cases, a court in a recent case which had "practically no legal or factual basis" refused to award fees to the defendant because "methods of expression of plots have received copyright protection, and it would be unduly critical to characterize the complaint as frivolous."  *Pansperimia/ExoGensis. Bollfrass v. Warner Music Group Corp.*, 12 Civ. 6648 (S.D.N.Y. 2013).

      The probative similarities between the works should preclude an award of fees in this case.  In addition, Plaintiff's evidence of access, though ultimately rejected by the Court, was reasonable enough evidence for Plaintiff to proceed with its Complaint.  There was other independent evidence that made the Complaint reasonable including the fact that Steve Oedekerk, who has a story credit for the film version of "Cowboys and Aliens," made a statement in July of 1997, ten years before Defendants' comic book version was released stating that the film was based on a comic book." Dkt. #43 p. 4.  Plaintiff also notified Defendants of its copyright concerns by letter prior to instituting this Action and received no response.  Compl. ¶ 21.  Plaintiff's Complaint was reasonable, not frivolous and Defendants' motion for fees should be denied.

### B. Defendants' Fee Figure is Unreasonable

      Defendants are requesting over $180,000 in fees which is unreasonable given the uncomplicated nature of this case, the lack of motion practice, and the limited discovery that took place.  Defendants are asking the court to award such

3

fees for writing two 12(b)(6) motions, a response to a Rule 56(d) motion, responses to one set of request for interrogatories and admissions, attending two short conferences, and a summary judgment motion.  Defendants' wrote its second 12(b)(6) motion even after it was clear the Court would allow the case to proceed once Plaintiff clarified that the graphic novel was in continuous production so as to defeat Defendants' statute of limitations arguments.  Plaintiff engaged in limited, non-abusive discovery and Defendants engaged in no discovery at all.  There were no depositions taken in this case.  Defendants have not argued otherwise in their motion for fees.  It is therefore unreasonable for Defendants to have billed over 540 hours in this case and their motion for fees should be denied.

## C. Conclusion

Though Plaintiff was unsuccessful in this action, Defendants have failed to show that the action was frivolous or objectively unreasonable.  An award of fees in a case where six elements of probative similarity were found would unduly chill the ability of copyright holders of limited means to pursue reasonable actions to enforce their copyrights.  Therefore Defendants' motion should be denied.

Dated: September 27, 2013                                     Respectfully Submitted,

/s/-Joshua Jones
State Bar No: 24065517
Reed & Scardino LLP
301 Congress Ave Suite 1250
Austin, TX 78701
512-615-5474
512-687-6249(fax)
ATTORNEY FOR PLAINTIFF

## Certificate of Service

I certify that the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES was filed on September 27, 2013 via the cm/ecf system which will send electronic notice to all parties of record.

/s/ - Joshua Jones